UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BMC, LLC,

                Plaintiff,

**Hon. Hugh B. Scott**

04CV105A

v.

Report
&
Recommendation

Verlan Fire Insurance Company,

                Defendant.

Before the Court is the defendant's motion to dismiss. (Docket No. 3).

**Background**

This case revolves around the amount to be paid to BMC, LLC ("''BMC") under an insurance policy issued by Verlan Fire Insurance Company ("Verlan") for a loss sustained on property located at 80 French Road in Cheektowaga, New York.

On January 25, 2001, Verlan issued a comprehensive property damage insurance policy (#M001463-01) ["the Policy"] to BMC relating to the property at issue. The property was damaged by a fire on January 10, 2002. It is undisputed that the covered property sustained an insured loss, however, the parties dispute the amount of the loss. BMC contends that the loss amounted to $1,172,050.44. Verlan calculated the loss at $ 426,705.71.

Under the terms of the Policy, if the parties could not mutually agree as to an umpire to appraised the loss, the parties were entitled to ask the Court to select an umpire. More

1

specifically, Article XVII of the Policy states:

> If we fail to agree with you as to the amount of loss, each shall, on written demand of the other, ... select a competent and disinterested appraiser to appraise the loss. The appraisers shall first select a competent and disinterested umpire. After fifteen (15) days, if they fail to agree upon such umpire, either you or we may then request that such umpire be selected by a judge of a court of record in the county and state in which such appraisal is pending.
>
> The appraisers shall then, ... appraise the loss (stating separately the value at the time of the loss and the amount of loss) and if they fail to agree, they shall submit their differences to the umpire. An award in writing by the umpire shall, in that event, determine the amount of loss.

Inasmuch as the parties were not able to agree as to an umpire, Verlan initiated an action before this Court seeking the appointment of an umpire. (Verlan v. BMC, Index No. 02CV715A). After various proceedings, Philip Frandina, P.E. was identified as a possible umpire. During a conference before the Court on August 26, 2003, BMC advised the Court that BMC would agree to the appointment of Frandina as umpire. Thus, Frandina was appointed to act as umpire to determine the amount of the loss pursuant to the Policy.

On February 5, 2004, Frandina issued his decision as to the amount of loss, finding that BMC's loss was $570,386.46. BMC subsequently commenced this action alleging a single breach of contract claim based upon Verlan's refusal to pay BMC $1,172,050.44 as the amount of the loss. Subsequent to the filing of the instant motion to dismiss, BMC filed an Amended Complaint[1] asserting two causes of action: the first, claiming that Verlan failed to pay for the loss

---

[1] Rule 15(a) allows a party to file an Amended Complaint as a matter of right at any time before a responsive pleading is filed. BMC was entitled to file the Amended Complaint as a

as required under the Policy; and the second, seeking the vacatur of the empire's award.[2]

Verlan brings the instant motion seeking dismissal of the complaint on the grounds that the empire's award is binding on BMC.

## Discussion

**Standard of Review**

The defendants have moved to dismiss the complaint on the grounds that it states a claim for which relief cannot be granted. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court can not dismiss a complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A Rule 12(b)(6) motion is addressed to the face of the pleading. The pleading is deemed to include any document attached to it as an exhibit, Fed.R.Civ.P. 10(c), or any document incorporated in it by reference. Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985). In considering such a motion, the Court must accept as true all of the well pleaded facts alleged in the complaint. Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir.

---

matter of right under Rule 15 of the Federal Rules of Civil Procedure inasmuch as a motion to dismiss does not constitute a responsive pleading. Pure Country Inc. v. Sigma Chi Fraternity, 312 F.3d. 952 (8th Cir. 2002); Willis v. Collins, 989 F.2d. 187 (5th Cir. 1993); Fortner v. Thomas, 983 F.2d. 1034 (11th Cir. 1993); Centifanti v. Nix, 865 F.2d. 1422 (3d. Cir. 1989).

[2]  The filing of an Amended Complaint typically renders moot any motion to dismiss filed against the original complaint in the action. Pure Country Inc. v. Sigma Chi Fraternity, 312 F.3d. 952 (8th Cir. 2002). Inasmuch as the Amended Complaint does not impact the legal arguments presented in support of the motion to dismiss, it was determined that it was not necessary to re-file the motion. Thus, the Court will treat instant motion as having been filed after the Amended Complaint. Thus, the motion is ripe for resolution.

1985). However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F.Supp.2d 123 (N.D.N.Y., 2002).

**Ability to Challenge Umpire's Award**

This case sits in federal Court based upon diversity jurisdiction under 28 U.S.C. §1332. Thus, state law governs the contractual claims asserted in this matter.[3]  New York Law permits parties to choose to be bound by an umpire's award (Buchholz v. United States Fire Ins. Co., 265 App.Div. 467, 39 N.Y.S.2d 663, affd. 293 N.Y. 82, 56 N.E.2d 43 (1944); Gansevoort Corp. v. Palatine Ins. Co., 11 Misc.2d 518, 170 N.Y.S.2d 171 (N.Y. Co. 1957): "An appraisal proceeding ... is entitled to every reasonable intendment and presumption of validity, provided the appraisers and umpire have substantially complied with the terms of the submission" (Gansevoort, 11 Misc.2d at 522); Glicksman v. North River Ins. Co., 86 A.D.2d 760, 448 N.Y.S.2d 77, 78 (4th Dept. 1982).   Thus, absent fraud, an umpire's award in this context is generally binding upon both the insurer and the insured.

BMC relies upon Gervant v. New England Fire, 306 N.Y. 393 (1954). In Gervant, the New York State Court of Appeals affirmed the setting aside of an umpire's award where it was determined that the umpire had refused to consider evidence relating to the actual cash value of

---

[3] BMC is a New York corporation. Verlan is a Maryland corporation. The parties do not address the question of choice of law. Inasmuch as each of the parties has asserted New York law, the Court will apply New York law in resolving the motion before the Court.

the property. In <u>Gervant</u>, the Court found that the umpire's failure to at least hear and consider all evidence constituted "legal misconduct" warranting the vacatur of the award notwithstanding the absence of fraud. <u>Gervant</u>, 306 N.Y. at 399.

In reply, Verlan cites to <u>Olympia & York v. Produce Exchange Realty Trust</u>, 93 A.d.2d 465, 462 N.Y.S.2d 456 (1st Dept. 1983), which distinguished <u>Gervant</u> and found that it did not control in that case. <u>Olympia & York</u> involved the appraisal of commercial real estate in the context of a lease renewal, not a fire loss. The Court in <u>Olympia & York</u> summarized <u>Gervant</u> as follows:

> That case involved appraisal under a standard fire insurance policy. The appraisers had acted in violation of the applicable standards to determine the value of the property after a fire. As set by the terms of the policy, coverage was for the actual cash value of the building. It is well settled this means value based upon consideration of any factor tending to affect value (<u>McAnarney v Newark Fire Ins. Co.</u>, 247 NY 176). In <u>Gervant</u>, the appraiser determined value solely upon the basis of evidence of replacement cost less depreciation. In <u>McAnarney</u> the Court of Appeals had previously ruled this was not determinative of the actual cash value as set by the statute. Under those circumstances, the court found that the appraiser had acted improperly in excluding other pertinent factors bearing upon the actual cash value of the building.

<u>Olympia & York</u>, 93 A.D.2d at 471 -472.

In <u>Olympia & York</u>, the Court granted summary judgment by concluding:

> In our case, there was no due process objection raised and none appears. There was no refusal on the part of the appraisers to permit the parties to offer their views and opinions on the issue. Moreover, the appraisers here met and discussed the matter before arriving at their respective determinations.

Id.

5

The case at hand differs from <u>Olympia & York</u> in that the instant motion is one brought under Rule 12, not Rule 56. The Amended Complaint in this case alleges that the umpire failed to consider certain evidence based upon misconduct or bias. (Docket No. 6 at ¶ 15). For the purposed of this motion, the Court must accept such allegations as being true. Questions exist as to whether the umpire refused to consider the information presented by BMC, or merely disagreed with it. Although, based upon the record before the Court, it is not at all apparent that the circumstances in this case mirror those in <u>Gervant</u>, the Court cannot conclude at this stage of the proceedings that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief.

### Conclusion

Based on the above, it is recommended that the motion to dismiss be denied. Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 USC §636(b)(1), Fed. R. Civ. P. 72(b) and WDNY Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED**

**HEREIN.**  Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to WDNY Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3)may result in the District Court's refusal to consider the objection.**

So ordered.

                                                                        s/Hon. Hugh B. Scott
                                                                        United States Magistrate Judge

Buffalo, New York
August 31, 2005