UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BMC, LLC, formerly known as
Plaslok Corporation,

          Plaintiff,

v.                                                     DECISION AND ORDER
                                                                     04-CV-0105A(Sc)

VERLAN FIRE INSURANCE COMPANY,

          Defendant.

---

## INTRODUCTION

Currently before the Court is the motion of plaintiff BMC, LLC ("BMC"), pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, to vacate, in part, the Court's award of attorney's fees and expenses to the defendant Verlan Fire Insurance Company ("Verlan"). Verlan does not oppose the motion.

For the reasons stated herein, the Court grants BMC's motion to vacate.

## BACKGROUND

In January 2001, Verlan issued an insurance policy to BMC covering a building and property located at 80 French Road in Cheektowaga, New York.

On or about January 10, 2002, the roof on BMC's building collapsed. A court-appointed Umpire conducted an appraisal of the loss suffered, and issued a report quantifying the amount owed to BMC for the roof collapse.

BMC then commenced this lawsuit, challenging certain portions of the Umpire's report. Verlan subsequently filed a motion to compel discovery and for attorney's fees and expenses. BMC cross-moved to limit discovery and for summary judgment. On September 26, 2006, Magistrate Judge Scott issued a Decision and Order and Report and Recommendation, granting Verlan's motion to compel discovery, awarding attorney's fees and expenses to Verlan, and denying without prejudice BMC's cross-motion for summary judgement. On November 16, 2006, Magistrate Judge Scott issued a Decision and Order, denying BMC's motion for reconsideration of the issuance of the award, but reducing the amount awarded. On February 2, 2007, this Court affirmed Magistrate Judge Scott's Orders.

The parties have now agreed to settle this action, contingent upon the vacatur of the sanction Orders.  BMC argues that vacatur is proper because: (1)  the parties' interest in completing the settlement far outweighs the public's interest in keeping the Orders intact; (2) it will save the parties the considerable time and expense of further litigation, and conserve judicial resources; (3) the sanction Orders do not involve a novel application of law and therefore are of little precedential value; and (4) it will not have an adverse impact on any nonparties

to the litigation.

**DISCUSSION**

Rule 60(b)(6) allows the court, upon a party's motion, to relieve a party from a final judgment, order, or proceeding for "any other reason that justifies relief." See Fed. R. Civ. P. 60(b)(6). A motion that seeks relief pursuant to Rule 60(b)(6) is "addressed to the sound discretion of the district court . . . ." See Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).

Vacatur of a judgment or order as part of a settlement is an "extraordinary remedy" and should be granted only in "exceptional circumstances". See U.S. Bankcorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18, 26, 29 (1994).  The Supreme Court has held that "exceptional circumstances" must exist because "[j]udicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." See Id. at 27 (citation omitted). The burden is on the party or parties seeking vacatur to show that such relief "is equitably justified by exceptional circumstances." Major League Baseball Props. Inc. v. Pac. Trading Cards Inc., 150 F.3d 149, 151 (2d Cir. 1998); see also Microsoft Corp. v. Bristol Tech. Inc., 250 F.3d 152, 154 (2d Cir. 2001).

The Court finds that exceptional circumstances are present in this

case making vacatur appropriate. The private interest of the parties in settling this litigation outweighs any public interest in preserving the finality of judgments and the development of decisional law.

First, the public's interest in preserving these sanction Orders is minimal. The Orders do not involve novel or controversial applications of the law. In addition, the Orders are not "final" in the sense that BMC may still appeal the Orders to the Circuit Court.

Second, allowing vacatur in this case would allow the Court and the parties to avoid the further expenditure of valuable time and resources. This case already has a long and tortured history, and continues to be actively litigated. As one court has stated: "The courts have undeniably been more flexible where vacatur would bring an end to the tortured history of a litigation, opening a door to settlement by relieving some party from having to fight an undesirable ruling on appeal." Barry v. Atkinson, 193 F.R.D. 197, 200 (S.D.N.Y.2000).

Finally, no nonparties would be impacted by vacatur.

In sum, the interests of the parties favor vacatur and no public interest would be harmed by granting the motion in this case. Accordingly, the Court finds that the sanction Orders should be vacated to the extent requested. See Tommy Hilfiger Licensing Inc. v. Costco Cos., 2002 WL 31654958 (S.D.N.Y. Nov. 25, 2002).

## **CONCLUSION**

For the reasons stated, the Court grants BMC's Rule 60(b)(6) motion to vacate certain portions of the Orders awarding Rule 37(a)(5)(A) attorney's fees and expenses. The Court hereby dismisses this action without costs and on the merits, but without prejudice to the right, upon good cause shown within 60 days, to reopen this action if settlement is not consummated.

SO ORDERED.

                                                  s/ *Richard J. Arcara*
                                                  HONORABLE RICHARD J. ARCARA
                                                  CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT

DATED: July 22, 2008